Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff, and all others similarly situated*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIP HAAS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RIVERSIDE MAZDA; TRUECAR, INC.; DOES 1-100, INCLUSIVE,<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of the California False Advertising Act (Cal. Business & Professions Code §§ 17500 *et seq.*) and<br>(2)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br><br>**Jury Trial Demanded** |

Plaintiff KIP HAAS ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this class action Complaint against Defendant RIVERSIDE MAZDA,   and Defendant TRUECAR, INC. (hereinafter "Defendants") to stop Defendants' practice of falsely advertising deliberately low prices, which they do not honor at the time of sale, and to obtain redress for a California class of consumers ("Class Members") who purchased vehicles from Riverside Mazda based on the TrueCar Guarantee, within the applicable statute of limitations period, as a result of Defendant's false and misleading advertisements.

2.      Defendants   RIVERSIDE   MAZDA   and   TRUECAR,   INC. ("TrueCar") represent that vehicles will be provided at a particular price, haggle free and "guaranteed" when this is in fact false. Defendants misrepresented and falsely advertised to Plaintiff and others similarly situated consumers these Vehicles (hereinafter "Class Products"), would be sold at a much lower price, in order to get them into the dealership and then haggle and raise the prices-exactly what Defendants "guaranteed" would not occur.

3.      Plaintiff and others similarly situated purchased or attempt to purchase these vehicles that the lower price that they were guaranteed.

4.      Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase  vehicles based on the TrueCar guarantee, which Plaintiff and others similarly situated would not have purchased or attempted to purchase absent these misrepresentations by Defendants and their employees. In so doing, Defendant has violated California consumer protection statutes, including the Unfair Competition Law, False Advertising Law, and the Consumer Legal Remedies Act.

## NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT

5.      On or about May 26, 2016, Mr. Haas sought and obtained a TrueCar

guaranteed price on a specific vehicle, a 2016 Mazda Mazda 3i Grand Touring 5-Door Automatic, from Riverside Mazda.

6.      Through the TrueCar guarantee, Mr. Haas was guaranteed a purchase price of $21,839 on the Mazda model he selected through the TrueCar website, in conjunction with Riverside Mazda.

7.      Plaintiff's TrueCar guarantee specifically includes this statement: "As a USAA Certified Dealer, Mazda Riverside is committed to total price transparency. This means Mazda Riverside discloses its dealer fees and commonly installed dealer accessories in its pricing estimates. Call 1-800-270-1483 if you have questions or concerns." TrueCar also guarantees a "haggle free" experience when obtaining a TrueCar price quote.

8.      TrueCar's website states, "Registered TrueCar members get access to a network of more than 13,000 Certified Dealers who are committed to price transparency and upfront pricing."

9.      However, upon arriving at the dealership, the sales representatives told Plaintiff that the exact car, for which he had a TrueCar guaranteed price quote, was going to cost Plaintiff an additional $4,000 for un-advertised "options" and dealer fees, including a lojack, window tint, fabric care, and a dealer markup. The sales representatives refused to permit Plaintiff to purchase the vehicle without the "options" stated above, telling him that there was not another car on the lot in that model, despite the TrueCar guarantee that he had obtained.

10.     Although Plaintiff tried to refuse the "options" (which were not truly "options" at all), Plaintiff was left no choice to pay an additional $4,000 on the purchase price of the vehicle.

11.     Due to these unfair practices and fraudulent misrepresentations on both the part of TrueCar and Riverside Mazda in conjunction with one another, Plaintiff was deprived of the benefit he was promised, and deprived of the benefits that were advertised, by both TrueCar and Riverside Mazda.

12. At the time of purchase, Defendants omitted, suppressed, misrepresented and/or concealed the additional charges and dealer fees with the intent to induce Plaintiff to accept and rely on their misrepresentation of a TrueCar guarantee, and purchase the Mazda vehicle.

13. Had Plaintiff known that he would not have the "haggle free" experience he was promised by the TrueCar guarantee, he would not have purchased the Mazda from Riverside Mazda at all.

14. Plaintiff exercised all due diligence and reasonably relied on Defendants' representations.

15. In other words, Plaintiff fully relied on Defendants' representations as to the truth of their guarantees and advertisements in entering the transaction and had no reasonable means of discovering its true quality and condition prior to the transaction.

16. Defendants knew that their representations regarding the Mazda, and the guaranteed price of the Mazda, were false and/or acted in reckless disregard for the truth or falsity of its representations.

17. Defendants intended to induce Plaintiff's reliance on Defendants' pre-sale representations and further intended the Plaintiff purchase the Mazda in reliance on said representations.

18. Defendants were fully aware of, directed and ratified the actions and misrepresentations of its employee, in inducing Plaintiff to purchase the Mazda, with knowledge that they were going to charge Plaintiff more than the TrueCar guarantee he was promised.

19. The least sophisticated consumer in Plaintiff's position is likely to be deceived by the misrepresentations described herein.

20. Plaintiff suffered actual damages in reliance on Defendant's misrepresentations, including:

a. loss of all monies expended towards the purchase of the Mazda;

First Amended Class Action Complaint

b.      loss of the difference between the TrueCar guarantee, and the price Plaintiff was actually charged for the Mazda; and

c.      aggravation and inconvenience.

21.    Plaintiff's actions of purchasing an automobile from Defendants are akin to all consumers' actions and thus concern all consumers.

22.    Defendants' misrepresentation of and/or failure to disclose the true price of the Mazda involve consumer protection concerns as Defendant Riverside Mazda holds itself out to be a place of business where consumers can come to purchase automobiles and related services, and Defendant TrueCar, Inc. holds itself out to be a place where consumers can obtain a guarantee price and have a "haggle free" experience.

23.    The requested relief is in the best interest of all consumers, as if the requested relief is granted, Defendant will be discouraged from engaging in conduct similar to that alleged fraudulent in this Complaint.

24.    Defendants' actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff, thereby warranting substantial punitive damages.

25.    Defendants' conduct described herein amounts to violations of California's False Advertising Law, and California's Unfair Competition Law.

26.     In purchasing the Class Products, Plaintiff relied upon Defendant's representations as to the guaranteed value of that product.

27.    Such representations were clearly false because Plaintiff's TrueCar guarantee was not honored by Riverside Mazda, nor did he experience the "haggle free" purchase he was guaranteed by the advertisements.

28.    Plaintiff would not have purchased the products and services from Riverside Mazda, if he had known that the above-referenced statements made by Defendant were false.

29.    Plaintiff agreed to give his money, attention and time to Defendant

FIRST AMENDED CLASS ACTION COMPLAINT

because of the guarantees that were advertised and promised to him.  Defendant benefited from falsely advertising the prices of the vehicle.  Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

30.    Had Defendant properly marketed, advertised, and represented the Class Products, no reasonable consumer would have deceived by the "guaranteed" price of the Class Products, a complete falsity.

31.    Defendant's conduct is inherently deceptive and misleads the least-sophisticated consumer.

32.    Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments on debts that are not owed.

## JURISDICTION AND VENUE

33.    This class action is brought pursuant to Federal Rule of Civil Procedure 23.  All claims in this matter arise exclusively under California law.

34.    This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the vehicle from Riverside County and Defendant provided the services to Plaintiff in that location. Plaintiff resides in the Central District of California and Defendant does business, inter alia, in the Central District of California.

35.    The Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

36.    In the case at bar, there are at least 100 members in the proposed Class.  However, Plaintiff is unaware of the aggregate total claims of the proposed

Class.  Thus, at this stage, it is unknown whether the claims of California class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs.

## THE PARTIES

37.    Plaintiff KIP HAAS is a citizen and resident of the State of California, County of Riverside.

38.    Defendant TRUECAR, INC. is a Delaware corporation, which operates and conducts business in the State of California, County of Riverside.

39.    Defendant RIVERSIDE MAZDA is a corporation company with its principle place of business located and headquartered in Riverside, CA.

40.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

41.    Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

42.    At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein

## CLASS ACTION ALLEGATIONS

43.    Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure

23.

44.   The classes Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, obtained a TrueCar "guaranteed" price.

> and

> All consumers, who, between the applicable statute of limitations and the present, obtained a TrueCar "guaranteed" price pertaining to a vehicle located at Riverside Mazda.

45.   As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

46.   Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

47.   Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

48.   Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

49.   No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class members and Defendant.

50.   Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

51.   There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)     Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

(b)     Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

(c)     Whether Defendant profited from the sale of the wrongly advertised "TrueCar" guarantee;

(d)     Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., and Cal. Civ. C. §1750 *et seq*.;

(e)     Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f)     Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g)     The method of calculation and extent of damages for Plaintiff and Class Members.

52.     Plaintiff is a member of the Class he seeks to represent

53.     The claims of Plaintiff are not only typical of all Class members, they are identical.

54.     All claims of Plaintiff and the Class are based on the exact same legal theories.

55.     Plaintiff has no interest antagonistic to, or in conflict with, the Class.

56.     Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period.   Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced.   Plaintiff's claims are typical of all Class Members as demonstrated herein.

57.     Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

58.     Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

59.     Plaintiff incorporates by reference each allegation set forth above.

60.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

61.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

62.     Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

63.     Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

64.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and

have lost money or property, time, and attention.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Products. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products from Defendants.  In turn Plaintiff and other Class Members ended up with Class Products that turned out to actually be more expensive than advertised and "guaranteed", and therefore Plaintiff and other Class Members have suffered injury in fact.

65.     Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

66.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would be of a particular price.

67.     Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members.

68.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

FIRST AMENDED CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

69.     Plaintiff incorporates by reference each allegation set forth above.

70.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.   A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

71.     California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice."   Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

72.     In order to satisfy the "unfair" prong of the UCL, a consumer must

show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

73.    Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described Class Products.    Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

74.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.    Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products were a certain price, guaranteed, in order to induce them to get them in the door and cause them to spend more  money on said Class Products. Defendants guaranteed a "haggle free" experience, which was not so. In fact, knowing that Class Products were not this price, Defendant unfairly profited from their sale.  Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

75.    Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided.    After Defendant falsely represented the Class Products, Plaintiff and class members suffered injury in fact due to Defendant's sale of Class Products to them. Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products were not advertised at the price that would actually be charged to consumers.    As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to get them to the dealership and then charge them more than the guaranteed price for the class products.  Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

FIRST AMENDED CLASS ACTION COMPLAINT

76.   Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

77.   California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

78.   The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

79.   Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they were guaranteed a certain price, "haggle free", when in fact they were much more expensive. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

80.   As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being a certain price when in reality they were a significantly higher price, and thus falsely represented the Class Products.

81.   Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

82.   California Business and Professions Code Section 17200, et seq.

prohibits "any unlawful…business act or practice."

83.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being a lower price than they were.

84.    Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.    Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

85.    These representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

86.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.    Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

87.    Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

88.    Plaintiff requests a trial by jury as to all claims so triable.

# PRAYER FOR RELIEF

89.     Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)     An order certifying the undersigned counsel as Class Counsel;

(c)     An order requiring RIVERSIDE MAZDA and TRUECAR INC., at their own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)     An order requiring RIVERSIDE MAZDA and TRUECAR, INC. to engage in corrective advertising regarding the conduct discussed above;

(e)     Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(f)     Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)     All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h)     Pre- and post-judgment interest; and

(i)     All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  June 30, 2017          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC


By: /s Todd M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff KIP HAAS

FIRST AMENDED CLASS ACTION COMPLAINT